UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HONG XUAN VO, QUI VAN VO, and DOES 1 to 6, inclusive,<br><br>　　　　Defendants. | Case No.: 14-CV-05110-LHK<br><br>**ORDER GRANTING MOTION TO REMAND** |

Before the Court is a Motion to Remand filed by The Bank of New York Mellon ("Plaintiff"). ECF No. 8 ("Mot."). Hong Xuan Vo and Qui Van Vo ("Defendants"), who are proceeding pro se, have not filed an Opposition. The Court finds this motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the motion hearing and initial case management conference set for February 19, 2015, at 1:30 p.m. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's Motion to Remand.

**I.　　BACKGROUND**

On August 28, 2014, Plaintiff purchased the subject residential real property located at

1

Case No.: 14-CV-05110-LHK
ORDER GRANTING MOTION TO REMAND

4997 Gardenside Place, San Jose, California 95138 ("Property") at a trustee's sale following foreclosure proceedings. ECF No. 8-2 Ex. B ("Compl.") ¶¶ 1, 5. Plaintiff recorded the Trustee's Deed Upon Sale (the "Deed") on September 9, 2014. ECF No. 8-2 Ex. A.[1] On September 17, 2014, Defendants were served with a three-day quit notice (the "Notice"). Compl. ¶ 6. Despite the Notice's expiration, Defendants remain in possession of the Property. *Id.* ¶ 7.

As a result, Plaintiff filed an unlawful detainer action in Santa Clara County Superior Court on September 30, 2014. *See* Compl. The state court complaint alleges a single cause of action: unlawful detainer. *See id.* The complaint also states that the amount demanded by Plaintiff does not exceed $10,000.00. *See id.* On October 8, 2014, Defendants were served with copies of the summons and complaint. ECF No. 8-2 Ex. C.

On November 19, 2014, Defendants removed the unlawful detainer action to federal court. ECF No. 1. In their Notice of Removal, Defendants indicate that they have filed counterclaims against Plaintiff for, inter alia, wrongful foreclosure, breach of contract, and intentional misrepresentation. *Id.* ¶ 1. Some of these counterclaims, Defendants appear to allege, arise under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq. Id.* ¶¶ 2, 4.

On December 10, 2014, Plaintiff filed the instant Motion to Remand. Mot. at 8. That same day, Plaintiff filed an Application to Shorten Time for the motion hearing. ECF No. 10. Defendants, who are pro se, have not opposed either motion, which are now ripe for resolution by the Court.

---

[1] The Court sua sponte takes judicial notice of the Deed, Plaintiff's state court complaint, and the proofs of service of the summons and complaint, which Plaintiff has attached to the instant Motion to Remand. ECF No. 8-2 Exs. A-C. The Deed is a publicly filed copy of a government record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see Rancho Mountain Props., Inc. v. Gray*, No. 11-CV-00358 BEN BLM, 2012 WL 1192755, at *6 (S.D. Cal. Apr. 9, 2012) ("The Court may properly take judicial notice of the Trustee's Deeds Upon Sale."). The state court complaint and proofs of service are publicly filed documents in another court. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Agnir v. Gryphon Solutions, LLC*, No. 12-CV-04470-LHK, 2013 WL 4082974, at *4-5 (N.D. Cal. Aug. 9, 2013) (taking judicial notice of a complaint filed in California Superior Court and the proof of service of summons).

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

Plaintiff argues that the Court has neither diversity jurisdiction nor federal question jurisdiction over the instant case. Mot. at 5-7. The Court agrees.

To start, the Court does not have federal question jurisdiction over this matter. Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal pursuant to section 1331 is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.

Defendants have made no such showing here.  Plaintiff's complaint in the unlawful detainer action does not assert any claim that arises under federal law.  *See* Compl. ¶¶ 1-10.  That Defendants advance certain counterclaims arising under the federal FDCPA is of no moment because the Court must look only to the face of plaintiff's properly pleaded complaint.  *See Caterpillar*, 482 U.S. at 393 (explaining that "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense").  As a result, federal question jurisdiction does not lie over this action.  *See, e.g.*, *LNV Corp. v. Randle*, No. EDCV 14-0082 JGB, 2014 WL 176742, at *1-2 (C.D. Cal. Jan. 15, 2014) (granting motion to remand plaintiff's unlawful detainer action even though pro se defendants had invoked the federal FDCPA in response); *Bank of N.Y. Mellon v. Hernandez*, No. C-12-00767 DMR, 2012 WL 2375096, at *1 (N.D. Cal. June 22, 2012) (same); *see also U.S. Bank Nat'l Ass'n v. Terrenal*, No. 12-CV-5540 YGR, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful detainer").

Nor may Defendants remove Plaintiff's unlawful detainer action on the basis of diversity jurisdiction.  Defendants, as they concede in their Notice of Removal, are citizens of California.  ECF No. 1 ¶ 6.  As a result, Defendants may not remove this action to this Court, a federal court in California.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (explaining that "the forum defendant rule" under section 1441(b) "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state").  Because Plaintiff has timely objected to Defendants' violation of the forum defendant rule,[2] the Court concludes that

---

[2] Under the federal removal statute, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  "Because the forum defendant rule is non-jurisdictional," it is "subject to [section 1447(c)'s] 30-day time limit."  *Lively*, 456 F.3d at 936, 939.  Plaintiff has complied with this time limit because Defendants' Notice of Removal was filed

Defendants may not rely on diversity of citizenship to establish removal jurisdiction. *See, e.g.*, *Parkview Edge Props., LLC v. Dumlao*, No. C 14-4899 PJH, 2014 WL 6808625, at *2 (N.D. Cal. Dec. 2, 2014) (granting motion to remand unlawful detainer action because the defendants "cannot invoke diversity jurisdiction because they are citizens of California"); *NGA Inv., LLC v. Beronilla*, No. 14-CV-02457-BLF, 2014 WL 3867781, at *1 (N.D. Cal. Aug. 4, 2014) (granting motion to remand because "there is no federal jurisdiction over this unlawful detainer action because no federal question appears on the face of the *complaint* and because removal on the basis of diversity jurisdiction is barred by 28 U.S.C. § 1441(b)(2) due to Defendants' residency in California").

With no basis for exercising subject matter jurisdiction, the Court must grant Plaintiff's Motion to Remand.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand the case to Santa Clara County Superior Court. Accordingly, the Court DENIES as moot all other pending motions.

**IT IS SO ORDERED.**

Dated: February 12, 2015

_____
LUCY H. KOH
United States District Judge

---

on November 19, 2014, ECF No. 1, and Plaintiff filed its Motion to Remand objecting to Defendants' violation of the forum defendant rule on December 10, 2014, Mot. at 8.